# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| BANK OF THE OZARKS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV 212-007 |
| | * | |
| DANIEL RAYMOND COTY, JR. and | * | |
| JERRY ASHLEY MANCIL, | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court is an unopposed Motion for Summary Judgment filed by Plaintiff, Bank of the Ozarks. See Dkt. No. 32. For the reasons stated below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

Bank of the Ozarks seeks to recover on two notes issued to Defendants Daniel Raymond Coty, Jr. and Jerry Ashley Mancil (collectively "Defendants").[1] From August 18 to 19, 2012, Defendants executed two notes in favor of Oglethorpe Bank, Bank

---

[1] In their original complaint, Bank of the Ozarks also named Daniel R. Coty Sr. as a Defendant. See Dkt. No. 1. However, Bank of the Ozarks later amended their complaint to remove Coty Sr. as a defendant. See Dkt. Nos. 14, 18.

1

of the Ozarks's successor. See Dkt. No. 34 ¶¶ 2, 5.[2] One note was for $187,853.86 and the other was for $11,432.75.

Bank of the Ozarks acquired the loan documents after Oglethorpe Bank was closed by the Georgia Department of Banking and Finance. See Dkt. No. 34 ¶ 8. After the closure, the Federal Deposit Insurance Corporation (FDIC) was appointed the receiver for Oglethorpe Bank, and Bank of the Ozarks later purchased Oglethorpe Bank's loan documents from the FDIC. See Dkt. No. 24 ¶ 10-14.

In their answer, Defendants denied many of Bank of the Ozarks's allegations and asserted two defenses. See Dkt. No. 27. First, Defendants contested this Court's subject matter jurisdiction. Secondly, Defendants asserted that they had reached an agreement with Oglethorpe Bank in October 2010 that would now bar recovery on the Notes. See Dkt. No. 27 ¶¶ 6-15. According to this agreement, Defendants promised to stop renting the property subject to the Notes and to stop making payments on the Notes, thereby allowing the Notes to go into default. See Dkt. No. 27 ¶ 8. This "intentional default" would allow

---

[2] In accordance to Local Rule 56.1, Bank of the Ozarks submitted a Statement of Undisputed Material Facts with its Motion for Summary Judgment. See Dkt. No. 34. Local Rule 56.1 requires that a party respond to a moving party's statement of undisputed facts, and if the party does not respond, those facts will be deemed admitted. See L.R. 56.1. Defendants never filed a response to either Bank of the Ozarks's Motion for Summary Judgment or their Statement of Undisputed Material Facts. Therefore, this Court will consider all of the facts contained in Bank of the Ozarks's Statement of Undisputed Material Facts to be undisputed.

2

Oglethorpe Bank to then "exercise the power of sale." See Dkt. No. 27 ¶ 9. As part of this agreement, Oglethorpe Bank agreed to not seek a deficiency judgment after foreclosure. See Dkt. No. 27 ¶ 11. Defendants allege that both Oglethorpe Bank and Defendants "began performance of their respective promises." Dkt. No. 27 ¶ 11. However, the FDIC and the Georgia Department of Banking and Finance shut down Oglethorpe Bank before the foreclosure was finalized. Dkt. No. 27 ¶ 13.

Bank of the Ozarks filed a Motion for Summary Judgment arguing that it had established its prima facie case and none of the defenses Defendants had raised were viable. See Dkt. No. 32. Defendants failed to file any response to Bank of the Ozarks's motion, nor did they attend the motions hearing held on October 30, 2012. See Dkt. No. 42.

## LEGAL STANDARD

"Summary judgment, even when unopposed, can only be entered when 'appropriate.'" United States v. One Piece of Real Property Located at 58000 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004). Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must view the evidence and draw all inferences in the light most favorable to the nonmovant. Adickes v. S.H. Kress &

3

Co., 398 U.S. 144, 157-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). To discharge this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. The burden then shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). In sum, this Court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather must consider the merits of the motion." One Piece of Real Property, 363 F.3d at 1101.

**DISCUSSION**

Bank of the Ozarks has presented evidence establishing the execution of the Notes, Defendants' default on both Notes, and notice informing Defendants of the default. See Dkt. No. 32. This evidence establishes Bank of the Ozarks's prima facie case. Under Georgia law, "[a] plaintiff seeking to enforce a promissory note establishes a prima facie case by producing the note and showing that it was executed." Fielbon Dev. Co. v. Colony Bank, 660 S.E.2d 801, 805 (Ga. Ct. App. 2008). "Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can

establish a defense." Id. Because Defendants have presented no evidence countering Bank of the Ozarks' prima facie case, judgment as a matter of law is appropriate as long as Defendants have no viable defenses.

**I. D'Oench Doctrine and 12 U.S.C. § 1823(e)(1)**

Bank of the Ozarks argues that Defendants' counterclaim and defense based on the alleged agreement with Oglethorpe Bank cannot succeed as a matter of law because of the D'Oench doctrine and its statutory counterpart, 12 U.S.C. § 1823(e)(1). Under the D'Oench doctrine, when a federally insured bank fails, the bank's borrowers may not later assert claims or defenses other than legal defenses that are fully and properly documented in the failed bank's files. See Baumann v. Savers Fed. Sav. & Loan Ass'n, 934 F.2d 1506, 1515 (11th Cir. 1991).[3] The rationale being that (1) regulators should be able to rely on the regular bank records when making decisions; and (2) banks headed for failure should not be allowed to insert unusual or even fraudulent new terms. See Langley v. FDIC, 484 U.S. 86, 91-93 (1987). If Defendants' agreement for an "intentional default" with Oglethorpe Bank was oral or not properly recorded in Oglethorpe's records, then the D'Oench doctrine would clearly

---

[3] The Eleventh Circuit has not decided whether § 1823(e)(1) applies just to the FDIC, or whether it also applies to a bank that succeeds the FDIC, like Bank of the Ozarks. However, the D'Oench doctrine does apply to a successor-in-interest. See First Union Nat'l Bank v. Hall, 123 F.3d 1374, 1379 n.9 (11th Cir. 1997); Victor Hotel Corp. v. FCA Mortg. Corp., 928 F.2d 1077, 1083 (11th Cir. 1991).

defeat this defense/counterclaim. Thus, the issue becomes whether the intentional default agreement was properly recorded.

Bank of the Ozarks claims that Defendants have admitted that any "intentional default" agreement was not in writing because of Defendants' failure to respond to Bank of the Ozarks's discovery requests. See Dkt. No. 32. Under Federal Rule of Civil Procedure 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Bank of the Ozarks claims that Defendants failed to comply with two aspects of Rule 36(a)(3) in that Defendants did not respond to a discovery request within 30 days, and that when Defendants did make an untimely response, the response was neither signed by Defendants or their attorneys. See Dkt. No. 32.

There is also another basis for finding that Defendants have admitted that any "intentional default" agreement was not in writing. As mentioned above, Defendants failed to comply with Local Rule 56.1's requirement that a non-moving party respond to the moving party's statement of undisputed facts. As part of Bank of the Ozarks's Statement of Undisputed Material Facts, Bank of the Ozarks stated that Defendants "have no documents to support their" defense based on the agreement with

6

Oglethorpe Bank. See Dkt. No. 32, Ex. 3 ¶¶ 21-22. By failing to identify that fact as disputed, Defendants conceded that it was undisputed. Without any documents demonstrating that the agreement with Oglethore Bank was in writing, Defendants' defense and counterclaim based on an agreement with Oglethorpe Bank is barred by the D'Oench doctrine.

**II. Lack of Diversity Jurisdiction**

In their answer, Defendants also contested the existence of diversity jurisdiction. See Dkt. No. 27. Defendants argued that the real plaintiff should be Oglethorpe Bank, since that is the entity that they dealt with. See Dkt. No. 27. And because Oglethorpe Bank's Principal place of business was in Georgia, then Oglethorpe Bank was a Georgia citizen like Defendants. See Dkt. No. 27. However, Defendants did not argue that Bank of the Ozarks is a citizen of Georgia or that Oglethorpe Bank is a necessary party. Bank of the Ozarks is, without dispute, a citizen of Arkansas. See Dkt. No. 18 ¶ 1. Under well established law, where a transfer of a claim is bona fide and absolute, the citizenship of the original claim holder is irrelevant for diversity jurisdiction purposes. See Ambrosia Coal & Constr. Co. v. Morales, 482 F.3d 1309, 1315-16 (11th Cir. 2007). Defendants have not suggested that the transfer of the loan documents to the FDIC and then to Bank of the Ozarks was

anything other than bona fide.  Therefore, this Court can properly exercise diversity jurisdiction.

## CONCLUSION

Summary judgment is appropriate because Plaintiff has established its prima facie case and Defendants have no valid defenses.  Plaintiff's motion, Dkt. No. 32, is **GRANTED**.  Accordingly, the clerk is directed to enter judgment in favor of Plaintiff against Defendants Daniel Raymond Coty, Jr. and Jerry Ashley Mancil in the amount of:

1. $197,533.50 for unpaid principal;
2. $35,062.98 for unpaid interest;
3. $1,492.34 for late charges; and
4. $34,889.47 for attorneys' fees.

**SO ORDERED**, this 11th day of December, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)